FRANCIS DAVIS, JR. *versus* CHARLES KEENE *&* al.

Where there is a joint liability of the two defendants, the confessions of one made under oath as a witness when called by the other defendant in another suit, are admissible against both; although as between each other, it might be that the liability ought to be discharged solely by him who made the admission.

ASSUMPSIT for money paid for the defendants, C. Keene and W. C. Weston. Weston was defaulted, and Keene defended. The plaintiff proved that on Jan. 9, 1838, Weston gave him, he being then a deputy sheriff, a writ for service, the demand sued having accrued prior to Nov. 1837, in favor of Keene and Weston, the defendants, on which he attached certain property; that one Ryerson brought an action against the sheriff for this property and recovered; and that the plaintiff was obliged to pay this sum.

Keene introduced testimony tending to show, that there had existed a partnership between the defendants, and that it had been dissolved on Nov. 12, 1837, and that on Nov. 29, 1837, the demands of the firm had been sold by Keene to Weston, and the action brought for his benefit. There was no evidence that any public, or other notice had been given of the dissolution.

The plaintiff then called witnesses to prove, that on the trial of an action brought by Keene against the Augusta Bank, Keene called Weston as a witness, and that the latter then testified, that there was no such transfer of the partnership demands from Keene to him. To the admission of the testimony of these witnesses, the defendant objected. The objection was overruled by SHEPLEY J. then holding the Court, and the testimony was admitted. A verdict having been returned for the plaintiff, the defendant, Keene, filed exceptions to this ruling.

*Vose & Lancaster*, for Keene, contended that the testimony objected to at the trial ought not to have been admitted; and cited 3 Esp. R. 181 ; 2 W. Bl. 973 ; 18 Pick. 434 ; 2 Lillie's Abr. 47 ; 4 Binney, 111 ; 1 L'd. Raym. 730 ; 7 Pick. 79 ; 4 Wash. C. C. R. 440 ; 4 T. R. 290 ; 6 Cowen, 162.

*Bradbury* argued for the plaintiff.

WHITMAN C. J. delivered the opinion of the Court.

The only question in this case is : did the Judge err in ruling that the confessions of Weston, under oath, were admissible? Keene and Weston had been copartners, and were joint plaintiffs in the suit in which the wrong was done to Ryerson by the taking of his property under an attachment made by the present plaintiff as an officer. The attachment must be presumed to have been made by their order. They were then jointly liable to the plaintiff; and if so, the confession of one was admissible against both.

Although the admission was under oath, this has no analogy to the giving in evidence of the testimony of a deceased witness, who had, before his decease, testified in the same cause, as is supposed in the argument for the defendant.

*Exceptions overruled.*